IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NUMBER H-24-565-S |
| | § | |
| (1) LYNDELL LEROY PRICE, | § | |
| (2) JOHN LEE PRICE, | § | |
| (3) ARMANI WILLIAMS, | § | |
| (4) MIZIAH SHEPHERD. | § | |

**ORDER**

Pending before the court is Defendant Armani Williams' Amended Unopposed Motion to Continue Motion Filing and Scheduled Dates ("Motion to Continue") (Docket Entry No. 83) filed on July 5, 2025, and Defendant Lyndell Leroy Price's Response in Opposition to Defendant Armani Williams' Motion for Continuance ("Lyndell Price's Opposition") (Docket Entry No. 87), filed on July 11, 2025, requesting <u>inter alia</u> a hearing or a ruling on his previously filed Motion to Dismiss (Docket Entry No. 67). Asserting that he is "currently the only defendant in this matter detained pending trial,"[1] Lyndell Leroy Price opposes the Motion to Continue arguing that his "detention is an oppressive pretrial incarceration,"[2] and that he "requests to be tried promptly following the Court's ruling on [his] Motion to Dismiss."[3]

---

[1] Lyndell Price's Opposition, Docket Entry No. 87, p. 2 ¶ 4.

[2] <u>Id.</u>

[3] <u>Id.</u> ¶ 5.

## I. **Defendant Lyndell Leroy Price's Motion to Dismiss**

Asserting that he filed Defendant's Motion to Dismiss Indictment with Prejudice or in the Alternative Suppress Evidence on May 9, 2025 (Docket Entry No. 67), and that the United States filed a response and an amended response in opposition and request for a hearing on May 20, 2025 (Docket Entry Nos. 79-80),[4] Lyndell Leroy Price "is requesting a hearing or ruling on his timely filed Motion to Dismiss and is diligently asserting his right to trial." **The court will conduct a hearing on Lyndell Leroy Price's Motion to Dismiss Indictment with Prejudice or in the Alternative Suppress Evidence on <u>Wednesday, August 20, 2025, at 1:00 P.M.</u> in Courtroom 9B of the Federal Courthouse, 515 Rusk Avenue, Houston, Texas 77002.** Counsel for the United States and Lyndell Leroy Price shall each file Witness Lists, Exhibit Lists, Copies of Exhibits, and any additional authorities they wish the court to consider at the hearing, by Friday, August 15, 2025.

## II. **Defendant Armani Williams' Motion to Continue**

Williams' July 5th filing seeks to continue the trial and all due dates by sixty (60) days. In support of his motion, Williams

---

[4]<u>Id.</u> at 1 ¶ 2.

states that his counsel needs more time to review discovery that he received on July 3, 2025. Williams also states that the United States and co-defendants John Lee Price and Miziah Shepherd are unopposed but that co-defendant Lyndell Leroy Price opposes the Motion to Continue.

A criminal defendant has a constitutional and statutory right to a speedy trial. See 18 U.S.C. § 3161. See also Barker v. Wingo, 92 S. Ct. 2182, 2192-93 (1972) (setting out factors to be considered in determining whether a Constitutional speedy trial violation has occurred). Under the Speedy Trial Act (the "Act") trial must commence within 70 days from the earlier of the date the indictment was filed, or from the date the defendant appears before the officer of the court where the charge is pending. 18 U.S.C. § 3161(c)(1). Certain pretrial delays are automatically excluded from the Act's time limits. Examples include delays caused by pretrial motions. 18 U.S.C. § 3161(h)(1)(D). District courts have broad discretion in ruling on motions to continue and setting a trial date. See United States v. German, 486 F.3d 849, 854 (5th Cir. 2007), cert. denied sub nom. Smith v. United States, 128 S. Ct. 649 (2007) ("Trial judges have broad discretion in deciding requests for continuances[.]"). Factors that courts consider in determining whether a continuance is warranted include: "the amount of time available for preparation; defendant's role in shortening the time needed; the likelihood of prejudice from denial; and the

availability of discovery from the prosecution." <u>United States v. Messervey</u>, 317 F.3d 457, 462 (5th Cir. 2002) (citing <u>United States v. Uptain</u>, 531 F.2d at 1281, 1286-1287 (5th Cir. 1976)). Each situation is to be evaluated on a case-by-case basis in light of all the circumstances. <u>See</u> <u>United States v. Kelly</u>, 973 F.2d 1145, 1147-1148 (5th Cir. 1992).

This action was initiated on November 1, 2024 by the filing of an Information as to John Lee Price (Docket Entry No. 1). On April 8, 2025, the United States filed a three-count Superseding Indictment (Docket Entry No. 29) charging Lyndell Leroy Price and John Lee Price with Conspiracy to Commit Arson (Count One), Arson (Count Two), and Conspiracy to Use an Interstate Facility to Commit Arson (Count Three), and charging Armani Williams and Miziah Shepherd in Counts One (Conspiracy to Commit Arson) and Two (Arson). Defendants Lyndell Leroy Price and Armani Williams made initial appearances on April 25, 2025. Armani Williams was granted bond, and a Scheduling Order was entered setting a jury trial for him on June 16, 2025, at 1:00 p.m. (Docket Entry No. 55). On May 1, 2025, a Scheduling Order was entered setting a jury trial for Lyndell Leroy Price on June 23, 2025, at 1:00 p.m. (Docket Entry No. 60), and on May 5, 2025, an Order of Detention Pending Trial was entered for him (Docket Entry No. 61). On May 8, 2025, Armani Williams filed an Unopposed Joint Motion to Continue Motion Filing and Scheduled Dates (Docket Entry No. 65), which the court granted

by Order (Docket Entry No. 66) entered on May 9, 2025.  The court's May 9, 2025, Order reset the jury trial date for all defendants to September 15, 2025.  On the same day, _i.e._, May 9, 2025, Lyndell Leroy Price filed his pending motion to dismiss or alternative motion to suppress evidence.

Williams' request for a sixty-day continuance is based on the assertion that his counsel needs more time to review discovery received on July 3, 2025.  Lyndell Leroy Price opposes Williams' motion but neither disputes Williams' assertion that his counsel needs more time to review discovery received on July 3, 2025, nor argues that granting the motion would cause him actual prejudice. The court finds therefore that even though defendant Lyndell Leroy Price opposes continuance, a reasonable delay is warranted by 18 U.S.C. § 3161(6) because Lyndell Leroy Price is joined for trial with co-defendant Williams, as to whom the time for trial has not run and no motion for severance has been granted.  The court also finds that failure to grant Williams' Motion to Continue would likely result in a miscarriage of justice because it would prevent Williams' trial counsel from having the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  See 18 U.S.C. § 3161(h)(7)(B)(i) and (iv).  For these reasons, Defendant Armani Williams' Amended Unopposed Motion to Continue Motion Filing and Scheduled Dates, Docket Entry No. 83, is **GRANTED**.

The due dates stated in the court's Order of May 9, 2025 (Docket Entry No. 66) are **VACATED**, and the following due dates shall apply:

Motions shall be filed by _____August 29, 2025_____.

Responses shall be filed by __September 19, 2025__.

Proposed Voir Dire, Jury Charge, Exhibit Lists, and Witness Lists shall be filed by: _____November 7, 2025__.

A Pretrial Conference will be held on _November 13, 2025_ at 11:30 A.M.

Jury Trial will be held on _November 17, 2025_ at _1:00 P.M._ The period of excusable delay that commenced on May 9, 2025, pursuant to 18 U.S.C. § 3161, shall continue and end upon the start of trial.

**SIGNED** at Houston, Texas, this 17th day of July, 2025.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE